Craig Morris #011628
Mailing Address:
7320 N. La Cholla #154-413
Tucson, AZ 85741
TELEPHONE 520.544.9094
FACSIMILE 520.544.7894
MAIL@DCKTRUSTEE.COM

Attorney for Dianne Crandell Kerns, Trustee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | CHAPTER 13 PROCEEDINGS |
| VERONICA L MARIN-RUBAL, | Case No. 4:18-bk-04443-BMW |
| Debtor. | **TRUSTEE'S PLAN OBJECTION/EVALUATION WITH NOTICE OF POTENTIAL DISMISSAL IF CONDITIONS ARE NOT SATISFIED** |
| | **RE: 1st AMENDED PLAN (DKT #13)** |

DIANNE CRANDELL KERNS, Trustee, has analyzed the above-referenced plan and supporting documents on May 25, 2018 and submits the following evaluation and recommendations:

**General Requirements:**

a. Due to the possibility of errors on the claims docket, it is the Attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Stipulated Order Confirming Plan to Trustee. Trustee will not recommend confirmation, nor stipulate to confirmation, until the proof of claims issues are resolved to Trustee's satisfaction.

b. Requests by Trustee for documents and information are not superseded by the filing of an amended or modified plan. LRBP Rule 2084-10(b).

c. Trustee objects to any reduction in the Plan duration or payout in a proposed Stipulated Order Confirming Plan unless an amended or modified plan is filed (using Local Form 2084-4, Chapter 13 Plan) and noticed out.

d. Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

e. Trustee requires that any Stipulated Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before a discharge can be entered. This requirement is effective regardless of plan payment suspensions, waivers or moratoriums, and must be included in any Stipulated Order Confirming."

f. At the time of confirmation, Debtor is required to certify, via language in the Stipulated Order confirming, that they are current on all payments that have come due on any Domestic Support Orders since the filing of their case and that they are current on all required tax return filings [pursuant to 11 U.S.C. Sec 1325(a)(8), (9)].

g. Debtor or Debtor's Attorney is required to provide copies of their federal and state income tax returns for each year for the duration of the Plan to Trustee. Tax returns must be forwarded **within 30 days after the returns have been filed**. All Personally Identifiable Information must be redacted prior to submission. Tax returns may be submitted to mail@dcktrustee.com. This requirement is to be included in the Stipulated Order Confirming the plan. Failure to submit tax returns may result in the dismissal of the Chapter 13 case.

h. If Debtors received a tax refund larger than $1,000.00 for the tax period preceding the filing of this case, the continuation of such deduction would constitute a diversion of income that would otherwise be available to creditors. Accordingly Trustee requires that Debtors (i) adjust payroll tax deductions to prevent over withholding, (ii) amend Schedule I to reflect the reduced withholding; (ii) submit to Trustee two consecutive paystubs to verify said reduction; and (iv) increase the plan payments in the Stipulated Order Confirming.

i. If Debtors are in default (in any amount) on their first mortgage the plan must propose mortgage conduit payments. If the plan does not propose a mortgage conduit, Trustee objects to confirmation. This may be resolved by amending the plan or seeking an order from the court excusing compliance with the conduit requirement. L.R.B.P. Rule 2084-4(b).

**Specific Requirements:**

1. <u>Tax Refunds</u>. If Debtor receives a tax refund in excess of $1,000.00 during the pendency of this case, said refund must be turned over to Trustee. The proposed stipulated order on confirmation needs to specifically provide that such refund is a SUPPLEMENTAL payment under the plan.

2. <u>The Order Confirming Plan Must Contain the Following Language Related to Treatment of General Unsecured Claims</u>: "General Unsecured Claims. Such claims shall be paid pro rata the balance of payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328(a)."

3. <u>Filed Proofs of Claim</u>. To date Trustee has noted that the following Creditors have filed proofs of claim that differ from the treatment proposed in the Chapter 13 Plan. **Trustee objects to the treatment of these proofs of claim. This objection may be resolved by amending the secured/priority treatment to match the proofs of claim in the Stipulated Order Confirming the Plan or by filing an objection followed by an order**: **AZDOR, IRS, NEVADA WEST FINANCIAL and WELLS FARGO HOME MORTGAGE**. This objection extends to proofs of claim, if any, filed after the date of this evaluation/objection which seek treatment different from that provided for in the proposed Chapter 13 Plan.

4. <u>AZDOR Proof of Claim 1</u>. Trustee objects to confirmation as AZDOR has filed a priority proof of claim in the amount of $1,675.00. The proof of claim has estimated amounts owed due to the non-filing of Debtor's 2016 tax returns. This objection may be resolved by filing Debtor's 2016 tax returns and having the proof of claim amended or by filing an objection to the proof of claim followed by an order.

5. <u>IRS Proof of Claim 2</u>. Trustee objects to confirmation as the IRS has filed a priority proof of claim in the amount of $10,199.86. The proof of claim has estimated amounts owed due to the non-filing of Debtor's 2016-2017 tax returns. This objection may be resolved by filing Debtor's 2016-2017 tax returns and having the proof of claim amended or by filing an objection to the proof of claim followed by an order.

6. <u>Wells Fargo Home Mortgage Proof of Claim 6.</u> Trustee objects to confirmation because Creditor has filed a secured proof of claim in the amount of $13,170.95 for home arrears on Debtor's 1st mortgage and Debtor's plan proposes to pay $12,780.71 in home arrears. This objection may be resolved by addressing the proof of claim and the amounts filed by Creditor and have order confirming match the claim or file an objection to the proof of claim followed by an order.

Case 4:18-bk-04443-BMW    Doc 17    Filed 05/30/18    Entered 05/30/18 13:39:49    Desc
Page 3 of 7

7. <u>Moratorium in Conduit Plan</u>. In the event that the mortgage lender charges late fees or additional interest on payments made on post-petition arrearages, a lump sum payment may be required at the end of the plan in order to cure all post-petition arrearages accrued which were not paid through the plan payments. See paragraph (e) above.

8. <u>Ongoing Mortgage Information</u>. Trustee objects to confirmation as Trustee mailed out the conduit mortgage information letter to Debtor on April 26, 2018. To date Trustee has not received the conduit mortgage information requested from Debtor. This objection may be resolved by Debtor submitting the required information to Trustee.

9. <u>Tax Returns that have not been filed</u>. Trustee objects to confirmation as the Court is unable to confirm this plan under the provisions of 11 U.S.C. §§ 1308 and 1325(a)(9). This objection may be resolved by filing the respective returns for assessment of the tax liabilities so that the feasibility of the plan can be certain. **Debtors have 30 days to have the tax authorities withdraw their claims, file the missing returns and provide documentation of filing to the Trustee or obtain relief under §1308. Otherwise, the case will be dismissed. LRBP Rule 2084-5.**

10. <u>Adequate Protection Payments</u>. Trustee objects to confirmation because the requirements of Local Rule 2084-6 (http://www.azb.uscourts.gov/rule-2084-6) have not been met. Currently, Trustee is unable to disburse adequate protection payments to Nevada West Financial and Speedy Cash in the amounts of $115.00 and $13.00 as listed in the Chapter 13 Plan. Adequate protection payments may not commence until proofs of claim have been filed and written request to commence payments has been received from either Debtor or Creditor's (http://www.dcktrustee.com/forms.html see AP commencement notice). This objection may be resolved by ensuring that proofs of claim have been entered on the claims registry and notice to commence adequate protection payments has been filed on the docket.

11. <u>Unfiled Proofs of Claim</u>. To date the following creditors listed in the Plan have not filed proofs of claims: **SPEEDY CASH and CASH TIME TITLE LOANS**. Trustee reserves the right to supplement or amend this paragraph.

12. <u>(Speedy Cash and Cash Time Title Loans)</u>. Trustee objects to confirmation as Debtor's plan proposes to pay Creditors Speedy Cash and Cash Time Title Loans as secured creditors. However, Creditors have not filed proofs of claim. If no proofs of claim are filed then no money can be paid to Creditors. This objection may be resolved by contacting Creditors and requesting Creditors file proofs of claim or by filing proofs of claim on behalf of Creditors if past the deadline for claims to be filed.

13. <u>Ongoing Monthly Mortgage Payments</u>. Trustee objects to confirmation, because Debtor is delinquent in the amount of $1,433.00 for the ongoing monthly mortgage payment to Wells Fargo Home Mortgage. This objection may be resolved by curing the delinquency in these payments.

14. Plan Payments.   Debtor has made payments in the total amount of $1,179.83.  Debtor is delinquent in the amount of $1,208.17, representing 1 month through May 24, 2018 (**Trustee also notes the ongoing monthly mortgage payments are delinquent in the amount of $1,433.00 through May 2018. Please note that plan provisions can provide a moratorium in plan payments, but it cannot provide a moratorium in post-petition mortgage payments**).  Trustee will not stipulate to confirmation unless the plan payments are current.  Plan payment information may be obtained by logging on to www.ndc.org.  In general, the information on this website is 24-hours old.

15. Plan Payment Start Date.  Trustee objects to confirmation as Debtor's plan states the plan payments will start May 25, 2018; however Debtor filed Bankruptcy on April 24, 2018 therefore the plan payments start date has been set to start on May 24, 2018 pursuant to 11 U.S.C. Sec. 1326(a)(1).  This objection may be resolved by amending the plan to state the payment start date.

16. Documents Requested by Trustee.  Any documents that have been requested will need to be provided within 30 days.  Such documents should be sent to Trustee with a cover letter outlining and describing the documents. **Any documentation submitted must be legible, organized by category and month, totaled and averaged (i.e. "show your work").  If Debtor fails to follow this guideline, Trustee will not consider any information as being received and a Dismissal Order may be lodged for failure to comply. Debtor is also required to submit a written explanation justifying the reasonable NECESSITY of the excessive expenses.**

17. Notarized Affidavit of No Trade Credit.  Trustee objects to confirmation because Debtor has not provided her office with a notarized affidavit of no trade credit regarding Debtor's business. This objection may be resolved by providing to Trustee a notarized affidavit of no trade credit within 30 days.

18. Profit and Loss Statements for the Past 6 Months.  Trustee objects to confirmation because Trustee has not received Debtor's Profit and Loss Statements that were used to calculate the Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income.  This objection may be resolved by submitting Debtor's Profit and Loss Statements to Trustee.

19. Business Operating Reports. Trustee notes that Debtor is self-employed and required to file monthly operating reports for self-employment or business in the past 12 months. Local rule 2084-2 requires operating reports to be filed monthly beginning with the month the petition was filed. **If a debtor timely fails to file the documents, then the court may dismiss the case without further notice or a hearing**, the case trustee may upload a dismissal order, or a party in interest may file a motion to dismiss the case.

20. <u>Business Questionnaire</u>. Trustee objects to the confirmation because Debtor has not completed a Business Questionnaire regarding self-employment. This objection may be resolved by submitting a Business Questionnaire to Trustee.

21. **<u>Best practices with business related cases</u>. Trustee recommends that counsel have documents on hand related to paragraphs 17-20 above. Such documents should be included in paperwork prepared by debtors prior to the filing of the case. That way counsel has the documents in house and available to provide to the Trustee at the time the case is filed and have the forms available to Debtor to prepare the ongoing business operating reports. The preparation of Forms 122C-2 and schedule I require the documents in paragraph 11 prior to the filing of the case, so those documents absolutely need to be on hand prior to filing.**

22. <u>Liquidation Analysis</u>: At this time Trustee believes that the plan **does** satisfy the liquidation analysis requirements. Trustee reserves the right to amend this conclusion.

23. <u>Projected Disposable Income</u>: At this time Trustee believes that the plan **does** satisfy the projected disposable income requirement of Sec 1325(b). Trustee reserves the right to amend this conclusion.

24. <u>Plan Feasibility</u>. The Chapter 13 plan is not feasible as currently proposed. There is a shortfall in funding in the approximate amount of $4,245.42 (includes 10% Trustee fees) this may be due to proofs of claim that have been filed for more than the plan allows. This calculation does not address additional funding shortfalls that will arise in the event that Debtor misses a plan payment or is late in making plan payments. The plan should be modified to provide sufficient cushion to address reasonably foreseeable events. However, Trustee reserves the right to file an amended evaluation requiring adjustments to the terms of the plan, including an increase in plan funding if necessary, in order to address all timely filed proofs of claim once the claims bar date has passed in this case.

25. <u>Objections to Confirmation</u>. Debtor shall resolve plan objections by submitting a proposed SOC to Trustee or by setting a hearing on the objection <u>within 30 days of this objection/evaluation</u>. If Debtor wishes to confirm by stipulation, the stipulation of the objecting creditor must be obtained in writing prior to submitting a proposed SOC to Trustee. If the resolution of the objection requires changes which have an adverse impact on any other creditor under the plan (including a reduction in the amount to any creditor and/or a delay in payment), the changes must be noticed to creditors and an opportunity for objection provided. To date Trustee has noted that the following creditors have filed objections to the Chapter 13 Plan: **NONE**.

26. <u>Submission of Proposed SOC</u>.  If Debtors propose to confirm the plan through a stipulated order on confirmation, a Notice of Submitting Proposed SOC should be filed with the Court, including a complete copy of the Proposed SOC as an exhibit. The Notice, SOC, and filing receipt may then be transmitted to Trustee via electronic mail (mail@dcktrustee.com) or first class mail.  Trustee will not review a proposed SOC if it does not appear on the court's docket. [1]  Trustee considers the time for reviewing a proposed Order pursuant to LRBP Rule 2084-13(e), to begin running when all Recommendation conditions are met.

RESPECTFULLY SUBMITTED this 30th day of May 2018.

                                    OFFICE OF THE CHAPTER 13 TRUSTEE
                                  7320 N. La Cholla #154-413
                                  Tucson, AZ  85741

By /s/ *Craig Morris*    ASB #011628
    Craig Morris
    Staff Attorney for the Chapter 13 Trustee

A copy of the foregoing was filed with the
court and a copy, together with a receipt of filing,
was transmitted via electronic or first class
mail this 5/30/2018 to:

VERONICA L MARIN-RUBAL
1232 W ROSAL AVE
APACHE JUNCTION, AZ 85120
Debtor

BENJAMIN LOREN DODGE
DODGE & VEGA PLC
4824 E BASELINE RD
STE 124
MESA, AZ 85206
Email: ben@dodgevegalaw.com
Attorney for Debtor

By: NC

---

[1] **The alternative to stipulated confirmation is setting a contested confirmation hearing before the judge**.