Benjamin L. Dodge, Esq. (#024887)
**DODGE & VEGA, PLC**
4824 E Baseline Rd, Suite 124
Mesa, Arizona 85206
Telephone: (480) 656-8333
Facsimile: (480) 656-8334
ben@dodgevegalaw.com
Attorneys for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

In re:

VERONICA LORRAINE MARIN-RUBAL,

Debtor.

In Proceedings Under Chapter 13

Case No. 4:18-bk-04443-BMW

**STIPULATED ORDER CONFIRMING CHAPTER 13 PLAN**

The Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the Plan of Reorganization of the Debtor as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** Debtor shall submit the following amounts of future income, including conduit payments to the Trustee for distribution under the Plan.

(1) <u>Future Earnings or Income</u>. Debtor shall make the following monthly Plan Payments:

| Months | Amount |
|---|---|
| 1 – 60 | $2,388.00 |

The payments are due on or before the 24th day or each month commencing on May 24, 2018. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the Plan is deemed completed.

The Debtors shall provide, directly to the Trustee copies of their **federal** and **state** income tax returns for post-petition years within 30 days of filing them. The purpose is to assist the Trustee in determining any change in Debtors' annual disposable income.

(2) <u>Other Property</u>. If the Debtor receives a tax refund in excess of $1,000, the debtor shall pay such refund directly to the Trustee as supplements to the plan. In the event that other property is submitted, it shall be treated as supplemental payments. In no event will the term of the Plan be reduced to less than 36 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(B) **DURATION.** This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee shall pay creditors in the following order:

(1) <u>Administrative expenses</u>:

<u>Attorney Fees</u>. Dodge & Vega, PLC, shall be allowed total compensation of $4,000.00. Counsel received $1,500.00 prior to filing this case and will be paid $2,500.00 by the Chapter 13 Trustee. All services listed in paragraph (F)(1) of the Plan (with the exception of representation in an adversary proceeding) are included in the flat fee amount.

(2) <u>Claims Secured by Real Property</u>:

(a) Wells Fargo Bank, N.A., secured by a deed of trust on Debtor's residence, is to receive regular monthly payments through the Plan as follows:

~~$1,463.39 per month (per creditor's proof of claim no. 6), shall be paid through the Chapter 13 Trustee.~~ Payments shall begin May 2018 and continuing throughout the remainder of the Chapter 13 Plan for a total of ~~$87,803.40.~~ 60 months. *DCK*

Arrears through May 2018 in the amount of $13,170.95 (per the proof of claim no. 6), shall be paid through the Plan as mortgage arrears.

(3) <u>Claims Secured by Personal Property</u>:

(a) HLS of Nevada, LLC (known by debtor as Nevada West Financial), secured by a lien on a 2016 Ford Focus, shall be paid $12,780.71 with

2

8.0% interest. The creditor will receive adequate protection payments of $115.00 per month. HLS has no objection to the Plan.

(4) <u>Unsecured Priority Claims</u>:

(a) The Department of the Treasury – Internal Revenue Service has an unsecured priority claim for income taxes for 2015, 2016 and 2017. Pursuant to amended proof of claim no. 2 filed with the United States Bankruptcy Court on June 12, 2018, the creditor will be paid $2,528.13 as an unsecured priority claim through the Plan. Pursuant to the proof of claim, the remaining balance of the claim, in the amount of $7,522.79 shall be classified as an unsecured nonpriority claim.

(b) The Arizona Department of Revenue has an unsecured priority claim for income taxes for 2016 and 2017. Pursuant to amended proof of claim no. 1-2 filed with the United States Bankruptcy Court, the creditor will be paid $274.42 as an unsecured priority claim through the Plan. Pursuant to the proof of claim, the remaining balance of the claim, in the amount of $8.50 shall be classified as an unsecured nonpriority claim.

(5) <u>Surrendered Property</u>. Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are listed as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property: None

(6) <u>Other Provisions</u>: None

(7) <u>Unsecured Nonpriority Claims</u>. All other claims shall be classified as unsecured and nonpriority. Such claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328(a).

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation.

///

///

///

///

3

ORDER SIGNED ABOVE

APPROVED AS TO FORM AND CONTENT BY:

*[signature]*  APPROVED By Dianne Crandell Kerns at 10:45 am, Jul 31, 2018

Dianne Crandell Kerns, Trustee

*[signature]*

Benjamin L. Dodge
Attorney for Debtor

*[signature]*

Jeremy M. Goodman
Goodman Law PLLC
Attorneys for Creditor HLS of Nevada, LLB
dba Nevada West Financial

| | |
|---|---|
| 1 | The Debtor certifies: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition. |
| 2 | |
| 3 | |
| 4 | _____<br>Veronica Lorraine Marin-Rubal |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

The Debtor certifies: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

*/s/ Veronica Lorraine Marin-Rubal*
Veronica Lorraine Marin-Rubal

Case 4:18-bk-04443-BMW   Doc 28   Filed 08/03/18   Entered 08/06/18 07:10:01   Desc
Main Document    Page 6 of 6